Caroline Jacobson
vs.
George N. Vidal, et als. } Eq. No. 545.

July 8, 1932.

POULIOT, J. This cause is before the Court on bill, answer, and proof.

The petitioner, in the opinion of the Court, has submitted sufficient evidence to impress the Court with the realization that a condition exists in the operation of the respondent's business that must be remedied. Therefore the Court finds that the petitioner is entitled to a decree enjoining the respondent from maintaining the nuisance alleged, but counsel having stated to the Court that a serious effort is being made to abate the nuisance, and that some additional time will be required to perfect the elimination process of the smoke nuisance, the Court decides that a decree may be entered for the petitioner, but that no process to enforce the same be issued prior to September 1st, 1932.

A decree may be entered in accordance with this decision.

Laura Golden, Appellant
vs.
Mrs. Daniel Smith, Appellee } P. A. No. 2306.

July 9, 1932.

CARPENTER, J. This is an appeal from a decree of the Probate Court of the City of Newport allowing and admitting to probate an instrument purporting to be the last will and testament of Margaret Johnson, of the City of Newport. The appeal was tried before a jury and the jury returned a verdict that the instrument was not the last will and testament of said Margaret Johnson. The matter is now before this Court on motion for a new trial.

It appeared from the evidence that Margaret Johnson was an old lady liv-

ing in the City of Newport, that she had no relatives, and that she had lived for a long time with and worked for one Mrs. Daniel Smith. It also appeared that she had other friends, including the appellant, Laura Golden. In making the will in question, she apparently chose to leave her property to her friend, Mrs. Daniel Smith, and by will dated October 29, 1929, she executed an instrument purporting to be her will, giving all of her property to Mrs. Smith. The evidence disclosed that she went to the office of John A. Murphy, an attorney of the City of Newport, and, alone with him, told him what she wanted to do; that he drew the will in question and witnessed the same. Mr. Murphy testified that Margaret Johnson knew what she was doing and knew all about her property, and fully realized the purport of the matter that she had in hand. The will was also witnessed by Mr. Murphy's secretary, Miss Mary V. Murphy. Both witnesses testified that at the time of the execution of the will Margaret Johnson was of sound and disposing mind and memory. Dr. Sullivan, a prominent physician of the City of Newport, the only doctor who attended Margaret Johnson, testified that he believed she was of sound mind at the time of the making of the will.

In regard to the testimony that Margaret Johnson was not of sound and disposing mind and memory, this Court was not satisfied that the witnesses were to be relied upon in the matter. Therefore, the Court is of the opinion that justice has not been done in this case and the motion for a new trial is granted.

Attorney for appellant: Robert M. Franklin, Esq.

Attorney for appellee: John A. Murphy, Esq.